UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CAROL J. "CJ" VINCENT | : | CIVIL ACTION NO. 2:13-cv-189 |
| VERSUS | : | |
| CITY OF SULPHUR, CITY OF SULPHUR POLICE CHIEF LEWIS COATS, CITY OF SULPHUR POLICE OFFICER | : | JUDGE MINALDI |
| | : | |
| CHESTER GREMILLION | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the court is a Motion to Strike Answer to Complaint on behalf of plaintiff. Doc. 4. For the reasons discussed herein, the motion is GRANTED IN PART and DENIED IN PART.

### Background

Plaintiff filed a petition for damages in the Fourteenth Judicial District Court in and for the Parish of Calcasieu, State of Louisiana on December 10, 2012. He complains of an incident wherein Officer Chester Gremillion stopped plaintiff without probable cause and issued a verbal "no trespass" order.

Defendants removed the action to this court on January 24, 2013. Doc. 1. They answered the petition on February 1, 2013. That answer pled a number of affirmative defenses. Doc. 3.

Plaintiff now moves to strike defendants' affirmative defenses. He argues that the answer is insufficient under Rule 8 of the Federal Rules of Civil Procedure because it "assert[s] numerous conclusory affirmative defenses without pleading any facts and/or evidence that form

the basis for [those] defenses," does not provide him with "fair notice" as required, and leaves him to "guess and speculate" as to the factual basis for each defense.  Doc. 4, pp. 2, 5.

## Legal Standard

"In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense[.]"  Fed. R. Civ. P. 8(c)(1).  "The pleading of affirmative defenses is governed by the same liberal standards as those for a complaint."  *Marine Overseas Services, Inc. v. Crossocean Shipping Co., Inc.*, 791 F.2d 1227, 1233 (5th Cir. 1986).  "[A] defendant nevertheless must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced."  *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) (footnote omitted).  "The 'fair notice' pleading requirement is met if the defendant 'sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise.'"  *Id.* (quoting *Home Ins. Co. v. Matthews*, 998 F.2d 305, 309 (5th Cir. 1993)).

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  A motion to strike under Rule 12(f) "is a drastic remedy to be resorted to only when required for the purposes of justice."  *Augustus v. Bd. Of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962).  District courts have wide discretion in determining whether to grant or deny a motion made pursuant to Rule 12(f).  *In re Beef Industry Antitrust Litigation, MDL Docket No. 248*, 600 F.2d 1148, 1168 (5th Cir. 1979).  Such a motion is viewed with disfavor and is infrequently granted.  *Marceaux v. Lafayette Consol. Gov't*, No. 6:12-cv-1532, 2012 WL 5197667, at *1 (W.D. La. Oct. 18, 2012) (Hanna, M.J.) (citing C. Wright & A. Miller, 5C Fed. Prac. & Proc. 3d § 1380).

## Analysis

Defendants pled thirteen affirmative defenses and plaintiff seeks to strike each and every defense on various grounds. The court will consider each defense[1] and plaintiff's objections to those defenses.

1. **"Defendants plead all statutory immunities, including qualified immunity."**

Qualified immunity is a jurisprudential creation, not statutory. In any event, this affirmative defense is objectionable in two respects. First, it does not reveal which immunities defendants are pleading or any factual basis for those asserting those immunities. Second, this paragraph is redundant with paragraphs four and five. Accordingly, the court strikes defendant's first affirmative defense.

2. **"Any damages suffered by Plaintiff, which are at all times denied, were caused by the fault of third parties over whom these Defendants exercise no authority, jurisdiction, or control, and for whose actions these Defendants are not legally responsible."**

This affirmative defense is akin to a one of contributory negligence or comparative fault. *Woodfield*, *supra,* requires defendants to provide to plaintiffs "fair notice" as to the nature of its affirmative defenses. However, defendants fail to articulate any facts in support. Accordingly, the court strikes defendant's second affirmative defense. *See Schlosser v. Metropolitan Property and Cas. Ins. Co.*, No. 12-1301, 2012 WL 3879529, at *3 (E.D. La. Sept. 6, 2012; *see also Harris v. USA Ins. Companies*, CIV.A. 11-201, 2011 WL 3841869, at *7 (E.D. La. Aug. 30, 2011).

3. **"Defendants deny that they are guilty of any civil rights violations or any denial of constitutional rights under the United States Constitution."**

---

[1] Each affirmative defense, given in quotation marks, is taken directly from defendants' answer, Doc. 3.

While defendants label this as an "affirmative defense," it is more appropriately considered a general denial of the petition's ultimate conclusion. *See* Fed. R. Civ. P. 8(b)(3). Plaintiff's request to strike this paragraph is denied.

4. **"Defendants are entitled to Qualified Immunity from the prosecution of this lawsuit."**

5. **"Defendants are entitled to discretionary immunity for their actions pursuant to La. Revised Statute 9:2798.1."**

Paragraphs four and five raise state statutory immunity and federal constitutional immunity respectively. Defendants have not alleged any factual basis in support of either immunity. Even under the liberal standard articulated in *Woodfield*, the pleading of these defenses is inadequate. Accordingly, the court strikes defendant's fourth and fifth affirmative defenses.

6. **"Defendants, the City of Sulphur and Chief Lewis Coats, aver that under 42 U.S.C. Section 1983, et seq., they may not be held liable under any theory of *respondeat superior* or vicarious liability."**

7. **"The City of Sulphur and Chief Lewis Coats in his official capacity, aver that they are not 'persons' for the purposes of 42 U.S.C. Section 1983, et seq, and therefore, Plaintiff has failed to state a cause of action against them."**

Paragraphs six and seven do not articulate true affirmative defenses. They merely make statements of law. Section 1983 does not recognize vicarious liability. Moreover, Section 1983 applies only to "persons." Essentially, defendants assert that plaintiff's allegations in this respect fail to state a claim upon which relief can be granted. Defendants' assertion is sufficient, and resolution of this issue is best left for Rule 12(b)(6) motion to dismiss. *See Schlosser v. Metropolitan Property and Cas. Ins. Co.*, No. 12-1301, 2012 WL 3879529, at *3 (E.D. La. Sept. 6, 2012); *see also Lane v. Page*, 272 F.R.D. 581, 597 (D.N.M. 2011). Plaintiff's request to strike these paragraphs is denied.

8. "Defendants, Chester Gremillion and Chief Lewis Coats, aver that there is no evidence to suggest in any way, that any improper actions or inactions were taken by them."

9. "Defendants aver that there is no evidence whatsoever to suggest in any way that any improper actions or inactions allegedly taken by any Defendants were in accordance with any type of policy or custom and/or were the result of inadequate training, inadequate supervision and/or were the result of improper hiring by defendants Chief Lewis Coats and/or the City of Sulphur."

10. "Defendant, Chief Lewis Coats, was at all times acting in good faith in the formation and implementation within the scope of his official functions and duties, and he is entitled to immunity from liability."

Paragraphs eight nine, and ten do not plead affirmative defenses. If anything, these are general denials regarding certain allegations of the petition. *See* Fed. R. Civ. P. 8(b)(3). These averments speak to plaintiff's ability to mount evidence in support of a prima facie case, not defendant's defenses thereto. Defendants were not required to plead "lack of proof." Plaintiff's request to strike these paragraphs is denied.

11. "The Defendants, not the Plaintiff, is [sic] entitled to an award of costs and attorney's fees under 42 U.S.C. Section 1988 and under state law, La. Code Civ. Proc., art. 863.

This is not an affirmative defense. Defendants are pleading two separate things. First, they are denying that plaintiff is entitled to costs and attorneys' fees as he requested in his petition. Second, defendants claim they are entitled to costs and attorneys' fees. This request is more appropriately considered a counterclaim wherein defendants are pleading special damages. *See* Fed. R. Civ. P. 9(g); *see also United Industries, Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 765 (5th Cir. 1996). To the extent this paragraph constitutes a denial of plaintiff's claim to attorney fees it is not stricken.

12. "The plaintiff may not recover punitive damages against the Defendants Chief Lewis Coats or Chester Gremillion in their official capacity. Punitive damages are not otherwise available and/or recoverable in this action."

Paragraph twelve does not articulate a true affirmative defense. It merely makes a statement of law. Section 1983 recognizes limited availability of punitive damages. Plaintiff's request to strike these paragraphs is denied.

### 13. "The Plaintiff's action against these Defendants is frivolous, being devoid of any merit whatsoever, and should be dismissed. 28 U.S.C. 1915(e)."

This is not an affirmative defense. It is merely a recitation of law. Plaintiff is prosecuting this action *in forma pauperis*, and therefore, this court has an obligation to "dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious, fails to state a claim on which relief can be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915. Plaintiff's request to strike these paragraphs is denied..

### 14. "The Plaintiff has failed to mitigate his damages."

This defense is akin to a one of contributory negligence or comparative fault. *Woodfield* requires such a defense to provide a "fair notice" to plaintiff as to its nature. Defendants, however, fail to articulate any facts in support. Accordingly, the court strikes defendant's thirteenth affirmative defense.

### Conclusion

The Motion to Strike is GRANTED IN PART and DENIED IN PART. The court strikes defendants' affirmative defenses number 1, 2, 4, 5, and 14. The court declines to strike defendants' affirmative defenses number 3, 6, 7, 8, 9, 10, 11, 12, and 13.

Defendants have fourteen (14) days from the issuance of this memorandum order in which to reassert the stricken affirmative defenses in a manner consistent with *Woodfield v. Bowman*, 193 F.3d 354 (5th Cir. 1999).

-7-

Plaintiff is counseled that the "fair notice" standard of *Woodfield* does not entitle him to exacting specificity from defendants when they plead their affirmative defenses. This case is in the early stages of litigation. The issues will begin to come into sharper focus in due course.

THUS DONE AND SIGNED in Chambers this 17th day of April, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE