RECEIVED
IN LAKE CHARLES, LA.

JAN 29 2015

TONY R. MOORE, CLERK
BY_____
            DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CAROL J. VINCENT, | * | CIVIL ACTION NO. 2:13-CV-189 |
| Plaintiff, | * | |
| v. | * | JUDGE MINALDI |
| CITY OF SULPHUR, ET AL., | * | |
| Defendants. | * | MAGISTRATE JUDGE KAY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM ORDER

Considering the Second Motion for Summary Judgment Based on Qualified Immunity [Doc. 41], to which the plaintiff has filed a Response [Docs. 47 & 48], to which the defendants have filed a Reply [Doc. 49], to which plaintiff has filed a *Sur* Reply [Doc. 50],

**IT IS ORDERED** that the defendants' Motion for Summary Judgment [Doc. 41] be and hereby is **DENIED** for the reasons that follow.

Although the defendants characterize their motion as a "motion for summary judgment," it is more fairly construed as a motion for reconsideration because the court has already decided these issues in its previous Memorandum Rulings [Docs. 29 & 39]. There is no specific Federal Rule of Civil Procedure governing motions for reconsideration. *See Barnes v. Commerce & Indus. Ins. Co.*, No. 11-0041, 2013 U.S. Dist. LEXIS 82877, at *3 (W.D. La. Jun. 11, 2013) (citing *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) (additional citation omitted)). However, federal courts have considered such motions pursuant Rule 54(b) when the ruling is interlocutory, as it is here. *See id.* at *4.

Rule 54(b) states that

> [a]ny order or decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the

entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b). "A district court judge has considerable discretion in determining whether relief under Rule 54(b) is warranted." *Broussard v. Chevron, U.S.A.*, No. 2:11-cv-1446, 2013 U.S. Dist. LEXIS 154608, at *6 (W.D. La. Oct. 25, 2013) (citing *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002)). *See also Jones v. Herlin*, No. 12-1978, 2014 U.S. Dist. LEXIS 101237, at *2 (W.D. La. Jul. 14, 2014) (citing *Stoffels ex rel. SBC Telephone Concession Plan v. SBC Communications, Inc.*, 677 F.3d 720, 726-28 (5th Cir. 2012)). "The Rule 59(e) standards are particularly illustrative for assessing [a Rule 54(b) motion] because the motion clearly calls into question the correctness of [the] [c]ourt's prior ruling." *Id.* at *2-3. Such a motion should only be granted where there is "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; and (3) the need to correct a clear error of law or fact or to prevent a manifest injustice." *Id.* at *3 (citing *Brown v. Miss. Co-op Extension Serv.*, 89 Fed. Appx. 437, 439 (5th Cir. 2004)). However, the Fifth Circuit has stated that such motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

The defendants neither allege that there has been an intervening change in controlling law nor that there is new evidence not previously available. Additionally, the court finds no clear error of law or fact in its previous rulings. Acknowledging that *Cuellar v. Bernard,* No. SA-13-CV-91-XR, 2013 WL 1290215 (W.D. Tex. Mar. 27, 2013) was decided after the events in this case, the court did not base its decision denying qualified immunity on the issue of procedural due process on that case alone. *See* Mem. Ruling [Doc. 29], at 15-17. Therefore, it cannot be

said that the court committed a clear error of law in denying the defendants qualified immunity on the claim stemming from the plaintiff's procedural due process rights.

The second point of contention is the defendants' claim that municipal liability cannot attach where the individual officials have not been granted qualified immunity. In so arguing, the defendants cite to *McCoy v. City of Monticello*, 411 F.3d 920, 922 (8th Cir. 2005), and *Cooper v. Martin*, 634 F.3d 477, 481-82 (8th Cir. 2011). The issue in *McCoy* was whether municipal liability could attach in the absence of unconstitutional actions—not whether the individual was entitled to qualified immunity. *McCoy*, 411 F.3d at 922. And although the defendants cite *Cooper* for the proposition that there is no municipal liability "even when there is an underlying *violation*, as long as there is no individual *liability* . . . ,"[1] the defendants again misrepresent the facts of the case. *Cooper* explicitly states that the plaintiff "ha[d] not established that [the defendant's] investigation violated a constitutional right." *Cooper*, 634 F.3d at 481.

The court directs the defendants' attention to *Hampton Company National Surety, LLC, v. Tunica County, Mississippi*, 543 F.3d 221 (5th Cir. 2008). In *Hampton*, the Fifth Circuit found that the sheriff was entitled to qualified immunity on a due process claim but that the county was still potentially liable on the same due process claim on a theory of municipal liability. *Hampton*, 543 F.3d at 226-27. There is no support for the defendants' claim that municipal liability cannot attach where qualified immunity has been granted because the theories of liability are distinct. *See, e.g., Owen v. City of Independence, Mo.*, 445 U.S. 622 (1980).

---

[1] Mem. in Supp. of Defs.' Second Mot. for Summ. J. Based on Qualified Immunity [Doc. 41-1], at 12 (emphasis in original).

Finally, the defendants argue that the court made improper inferences from the *pro se* plaintiff's complaint. This argument is also without merit.

Accordingly,

**IT IS ORDERED** that the defendants' Second Motion for Summary Judgment [Doc. 41] be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' request for attorneys' fees be and hereby is **DENIED**.

Lake Charles, Louisiana, this 25 day of Jan, 2015.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

4