UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION


| | | |
|---|---|---|
| **CAROL J. VINCENT** | : | **DOCKET NO. 13-cv-189** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **CITY OF SULPHUR ET AL.** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the court is a Motion for Disqualification/Recusal filed by *pro se* plaintiff Carol J. Vincent ("Vincent"). Doc. 75. He claims that we should recuse ourselves based on multiple instances reflecting alleged bias, prejudice, and impropriety over the course of the case.

### I.
### LAW & ANALYSIS

Vincent alleges that we should be removed from this case under 28 U.S.C. § 455(a), which provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The goal of this statute "is to promote public confidence in the judicial system by avoiding even the appearance of partiality." *Levitt v. University of Texas at El Paso*, 847 F.2d 221, 226 (5th Cir. 1988). Accordingly, § 455(a) asks whether "the reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *Potashnick v. Port City Constr. Co.*, 609 F.2d 1101, 1111 (5th Cir. 1980). The reasonable man viewpoint means that facts are assessed based on how they would appear to a "well-informed, thoughtful and objective observer, rather than the

hypersensitive, cynical, and suspicious person." *United States v. Jordan*, 49 F.3d 152, 156 (5th Cir. 1995).

When a motion is made under § 455, the judge who is its subject may transfer the matter to another judge for decision or entertain the motion himself. CHARLES ALAN WRIGHT ET AL., 13D FED. PRAC. & PROC. JURIS. § 3550 (3d ed.); *see, e.g.*, *Carr v. Capital One, N.A.*, 2010 WL 3304206, *3 (E.D. La. Aug. 18, 2010). The Fifth Circuit notes benefits of having the challenged judge rule on the motion, namely the lack of administrative inconvenience and delay and the challenged judge's familiarity with the alleged bias. *Carr*, 2010 WL 3304206 at *3 (citing *Chitimacha Tribe of Louisiana v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982). Accordingly, we will entertain the motion.

Vincent raises four claims purporting to show impropriety, bias, and prejudice. We now review each one to determine if there is grounds for recusal or disqualification.

### A. *May 2013 Scheduling Conference*

Vincent first complains about statements made during a telephone scheduling conference with us and opposing counsel on May 2, 2013. Doc. 14[1]. At that conference we addressed claims made by chambers staff that Vincent had behaved rudely. We stated that it was his responsibility as a *pro se l*itigant to be courteous with our staff and that, if we determined that he had not been, "we might have a problem." Under this claim Vincent challenges the incidents referenced by us at length. As we made no findings of fact relating to those events and instead only warned Vincent of his responsibility in talking to and about chambers staff, we will not reopen these incidents.

---

[1] This scheduling conference was recorded and is available to be heard by any interested party. We are currently working with our Clerk of Court to determine whether and how that conversation could be linked to the docket sheet in this case for easy review and access. Whether this can be done had not been established by the time this opinion was sent for docketing but the parties will be advised once the determination has been made. That audio file is to be made a part of this record.

Vincent also challenges our propriety in raising these issues in the presence of defense counsel, rather than addressing him privately so that he might have felt more comfortable defending himself. Here we again note that we made no findings as to Vincent's behavior. After informing him of his other responsibilities as a *pro se* litigant, we merely reminded him of his obligation to be courteous—an obligation shared by defense counsel. We also note that communicating our concern with Vincent privately would constitute an inappropriate *ex parte* communication. As such, no partiality or lack of propriety was reflected by the brief admonition and this claim does not show grounds for recusal or disqualification.

### B. March 2016 Scheduling Conference

Vincent's second claim arises from the fact that a scheduling conference was held without him.

The docket sheet for this case reveals that a scheduling conference was held on March 3, 2016, in accord with an order from the previous scheduling conference on November 5, 2015. Docs. 60, 62. The minutes of the March 3 conference reflect that "[p]laintiff, who is representing himself, did not call into the teleconference" and that defense counsel detailed her efforts to reach him before contacting chambers. Doc. 62. A trial date was then selected and accompanying deadlines were set. Doc. 63.

Vincent filed a Motion to Continue based on the new trial date, arguing that the trial should be continued indefinitely due to a pending appeal and application for a writ of certiorari from the district judge's ruling on summary judgment. Doc. 64. In this motion he offered no excuse for his failure to call in to that day's scheduling conference. We denied the motion stating that it would be reconsidered in the event that the Supreme Court granted his request for review. Doc. 65. We

also noted that "this motion was filed the same day [the court] held the scheduling conference that set the trial date now sought to be continued." *Id.*

Vincent now states that he could not call into the scheduling conference because he was experiencing an anxiety attack. He complains about the fact that a trial date was selected in his absence. He also alleges that we used threatening language in referencing his absence from the conference.

There is no impropriety in selecting a trial date when an attorney or *pro se* party fails to attend a scheduling conference. There is also nothing threatening about either of the references to Vincent's absence from the call. Accordingly, this claim offers no grounds for recusal or disqualification.

### C. Resetting of May 2016 Motion Hearing

Vincent next alleges that we demonstrated impropriety when we reset a motion hearing on his Motion for a Protective Order [doc. 68] filed as a result of the defense's discovery requests. Doc. 68, p. 3.

On April 28, 2016, we scheduled a status conference for the motion, which conference was set for May 5, 2016. Doc. 69. On the same day we scheduled the motion for hearing on May 12, 2016, and set briefing deadlines. Doc. 70. On May 4, 2016, the defense filed a Motion to Compel Discovery Responses. Doc. 71. We then reset the May 12, 2016 hearing for May 25, 2016, in order to hear both motions together. Doc. 74.

Vincent claims that he did not receive notice of the change from May 5 to May 12; however, CM/ECF shows that electronic notification – the same sent to defense counsel – was sent to him for that event. Although the electronic order does not explicitly upset the May 5 teleconference, the intention behind it is made manifest through the fact that the same motion that

was the subject of the May 5 conference was thereby set for hearing on May 12. To the extent that Vincent did not understand that the motion was reset, it reflects no bias against him.

Vincent also complains about the rescheduling from May 12 to May 25, alleging that this was done in collusion with defense counsel to aid her plan for discovery. No communications took place between chambers and defense counsel about the rescheduling. The May 12 hearing was reset for May 25 *sua sponte* and without regard to any scheduled depositions[2], in order that all pending discovery disputes could be addressed at once.

This claim evinces no impropriety nor does it provide other grounds for recusal or disqualification.

### D. *Defense Request for Settlement Conference*

Finally, Vincent alleges that we showed impropriety when we and/or our staff received a request from defense counsel about a settlement conference.

To our collective recollection we never spoke with defense counsel about a settlement conference. It is not at all unusual, however, for chambers to be contacted about that and other administrative-type matters. To the extent that anyone in our chambers may have been contacted, we note that it is our practice to provide a list of possible dates to the party contacting us for that purpose and then the asking party is to notify us what date they would choose to hold the conference, after which an order would issue setting the date and providing information regarding how to proceed. This allegation demonstrates no basis for recusal or disqualification.

---

[2] We ought to have concomitantly ordered that no deposition should be taken until these issues were resolved. This was an oversight, however, and there was zero intention to somehow place plaintiff in an untenable position.

**II.**
**CONCLUSION**

Vincent's claims do not demonstrate any impropriety, bias, or prejudice on our part. Accordingly, there is no basis for Recusal/Disqualification and the motion is **DENIED.**

THUS DONE AND SIGNED in Chambers this 18th day of May, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE