

RECEIVED
IN LAKE CHARLES, LA
SEP 2 1 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CAROL J. VINCENT, | * | CIVIL ACTION NO. 2:13-CV-189 |
| Plaintiff, | * | |
| | * | |
| v. | * | JUDGE MINALDI |
| | * | |
| | * | |
| CITY OF SULPHUR, | * | |
| Defendant. | * | MAGISTRATE JUDGE KAY |

******************************************************************

## MEMORANDUM ORDER

Before the court is the Report and Recommendation (Rec. Doc. 103) of the Magistrate Judge and an objection to the Report and Recommendation (Rec. Doc. 105)[1] filed by the plaintiff Carol J. Vincent (Mr. Vincent). Mr. Vincent is a *pro se* litigant. Therefore, he is entitled to a liberal construction of his filing and less stringent standards in interpreting his arguments. *Harris v. Barnhart*, 204 F. App'x 447, 448 (5th Cir. 2006) (citing *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995)). Liberally construing Mr. Vincent's filing (Rec. Doc. 105), the court will consider Mr. Vincent's filing as an objection to the Report and Recommendation and a motion to withdraw his motion to dismiss his case. For the following reasons, Mr. Vincent's Motion to Withdraw (Rec. Doc. 105) is **GRANTED**, and his objections (Rec. Doc. 105) are **DENIED**. The Magistrate Judge's Report and Recommendation (Rec. Doc. 103) is not adopted, and Mr. Vincent has 10 calendar days to come into compliance with the Magistrate Judge's Order (Rec. Doc. 85) issued on May 25, 2016.

---

[1] The document is docketed and named as a "Motion to File Objections to Fraudulent Statement Made by Magistrate Judge Kathleen Kay." However, the court considers it as an objection to the Report and Recommendation and a motion to withdraw Mr. Vincent's motion to dismiss his case.

1

## FACTS & PROCEDURAL HISTORY

Mr. Vincent filed suit against the defendant alleging that his constitutional rights were violated by a no trespass order issued by the City of Sulphur. The parties are currently in discovery, and trial is scheduled for October 11, 2016. The defendant[2] first filed a motion to compel discovery on May 4, 2016,[3] which was granted by Magistrate Judge Kay on May 25, 2016.[4] The magistrate judge ordered Mr. Vincent to respond to discovery requests by June 10, 2016. As part of the order to compel, Mr. Vincent gave the defendant medical authorization to speak to his doctor, obtain medical files, and communicate with his pharmacy. However, he later withdrew his authorization and did not provide discovery by the deadline. The defendant filed a Motion to Dismiss or Alternatively a Motion to Compel on July 14, 2016.[5] This court found that the Mr. Vincent violated the discovery order but denied the Motion to Dismiss and referred the Motion to Compel to Magistrate Judge Kay.[6] A hearing for the motion was set for August 24, 2016.

During the hearing, Mr. Vincent explained that he withdrew his medical authorization because he believed the release requested was too broad.[7] The defendant explained that medical information was vital to the case because Mr. Vincent is claiming medical damages.[8] During the course of the hearing Magistrate Judge Kay admonished Mr. Vincent to not make accusations about opposing counsel because the only issues before the court were what information was being requested and whether Mr. Vincent had a legal duty to turn over the requested

---

[2] After the Fifth Circuit decision, *Vincent v. City of Sulphur*, 805 F.3d 543 (5th Cir. 2015), the only remaining defendant is the City of Sulphur.
[3] Motion to Compel (Rec. Doc. 71).
[4] Memorandum Order (Rec.Doc. 85).
[5] Motion to Dismiss (Rec. Doc. 91).
[6] Order (Rec. Doc. 100).
[7] Digital Audio File (Rec. Doc. 106).
[8] Digital Audio File (Rec. Doc. 106).

information.[9] Magistrate Judge Kay told the plaintiff that the scope of discoverable information is considerably broad and that it is not governed by Rule 401 of the Federal Rules of Evidence.[10] When Mr. Vincent began pointing his finger at the defense counsel, Magistrate Judge Kay told him to stop doing so, and the following exchange took place:

> *MR. VINCENT*: Your Honor, let me do the court a favor.
>
> *MAGISTRATE JUDGE*: Ok.
>
> *MR. VINCENT*: I withdraw.
>
> *MAGISTRATE JUDGE*: What do you mean?
>
> *MR. VINCENT*: I quit.
>
> *MAGISTRATE JUDGE*: Are you moving to dismiss your case?
>
> *MR. VINCENT*: Yes ma'am.
>
> *MAGISTRATE JUDGE*: Ok. Alright. So, I will tell Judge Minaldi that there was an oral motion to dismiss the case, and I will issue a Report and Recommendation that she grant the order.[11]

Mr. Vincent then left the courtroom, and Magistrate Judge Kay concluded the hearing.

Magistrate Judge Kay issued a Report Recommendation recommending that this court dismiss Mr. Vincent's case based on his oral motion to dismiss. (Rec. Doc. 103). Mr. Vincent filed an objection to the Report and Recommendation (Rec. Doc. 105), in which he argued that he "NEVER, EVER stated to anyone, and/or at any time, on God's green earth that he was dismissing his lawsuit," that Magistrate Judge Kay is colluding with defense counsel, and that he reasonably withheld his medical authorization from the defendant. In a liberal construction, the court also considers the Objection to be a Motion to Withdraw his Motion to Dismiss. Before

---

[9] Digital Audio File (Rec. Doc. 106).
[10] Digital Audio File (Rec. Doc. 106).
[11] Digital Audio File (Rec. Doc. 106), at 16:30-16:50.

addressing the arguments made in Mr. Vincent's Objection, the court addresses the Motion to Withdraw.

## LAW & ANALYSIS

### I.   Motion to Withdraw

A party can withdraw a motion to dismiss if the withdrawal is made in a timely manner. *Cranford v. Morgan S. Inc.*, 333 F. App'x 852, 855 (5th Cir. 2009) (citing *Mortgage Guar. Ins. Corp. v. Richard Carlyon Co.*, 904 F.2d 298, 301 (5th Cir.1990)). If the plaintiff moves to withdraw the motion to dismiss before the court has ruled on the dismissal, his motion is considered timely. *Id.* at 856. While "[t]he decision to dismiss an action rests within the sound discretion of the trial court," failing to grant a timely motion to withdraw which results in the dismissal of the case would likely be an abuse of discretion. *Id.* at 854, 856 (citing *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir.1985)).

Because Mr. Vincent filed his Objection before the court ruled on his oral motion to dismiss, the court **GRANTS** his motion to withdraw his motion to dismiss.

### II.   Mr. Vincent's Objections

Mr. Vincent makes three objections to Magistrate Judge Kay's Report and Recommendation: (1) he never made an oral motion to dismiss the case; (2) Magistrate Judge Kay is colluding with the defendant's legal counsel; and (3) he reasonably rescinded his medical authorization form.

All three objections have no merit. According to Mr. Vincent, near the end of the hearing he stated, "Well, let me do the court a favor" and then left the courtroom. However based on the recording of the hearing, which is transcribed above, Mr. Vincent's description is incorrect. His allegations against Magistrate Judge Kay are unfounded and false.

His second objection, that he strongly suspects that Magistrate Judge Kay is colluding with defense counsel, is also unfounded. He provides no facts to support his "suspicion," and the record indicates that Magistrate Judge Kay has been fair and impartial to both parties.[12]

The court overrules his first two objections and strongly cautions Mr. Vincent that under Rule 11 he has a duty to ensure that his legal contentions are not frivolous and that his "factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(2)-(3). Making false and unsupported statements to the court in written motions violates this Rule 11 duty. The court can raise violations of Rule 11 *sua sponte* and has discretion to impose appropriate sanctions. Fed. R. Civ. P. 11(c). As a *pro se* litigant, Mr. Vincent is not shielded from Rule 11 sanctions; however, the court will consider his *pro se* status before issuing sanctions. At this time, because he is a *pro se* litigant, the court declines to sanction Mr. Vincent for his misrepresentations and unfounded claims. He is *strongly* cautioned against filing future motions or documents with the court that recount false facts and make unfounded accusations.

The court also notes that this is not Mr. Vincent's first warning.[13] On August 19, 2016, pursuant to a Motion to Compel Discovery, the undersigned cautioned Mr. Vincent that "if he violate[d] one more court order ..., this matter [would] be dismissed."[14] As a *pro se* litigant, Mr. Vincent must follow the Federal Rules of Civil Procedure and court orders, and he has been graciously given another opportunity to do so. Any future failures will result in appropriate sanctions.

---

[12] Mr. Vincent previously filed a motion for the Recusal of Magistrate Judge Kay based on previous scheduling conferences, a rescheduled status conference, and the defense's request for a settlement conference. (Rec. Doc. 75). Magistrate Judge Kay denied the motion (Rec. Doc. 78), and Mr. Vincent did not appeal her order.
[13] The court also notes that on May 2, 2013, Magistrate Judge Kay admonished him to be courteous with her staff. (Rec. Doc. 81).
[14] Memo. Order (Rec. Doc. 100).

His final objection that he properly rescinded his medical authorization also has no merit. The order issued by this court on August 19, 2016 clearly states that Mr. "Vincent violated Fed. R. Civ. Pro. 37(d)(1)… (ii)" by ordering his medical care providers to not provide medical information to the defendant.[15] The Magistrate Judge has issued protective orders for Mr. Vincent which prohibit the defense counsel from sharing information with third parties[16] and the assistant city attorney.[17] Mr. Vincent's vague assertion that the defendant might share private personal medical information with third parties is unfounded.[18] His further contentions that the defendant is overstepping its "discovery privileges" appears to be based on his fear that the defendant will share the information with third parties.

The court finds that the previous order entered by Magistrate Judge Kay granting the defendant's Motion to Compel[19] is still in effect. Mr. Vincent has 10 calendar days from when this order is signed to comply with Magistrate Judge Kay's May 25, 2016 Order. If he does not comply with the order within 10 calendar days or if he later withdraws consent for medical authorization, the court will dismiss the case. To come into compliance with the order issued on May 25, 2016 Mr. Vincent must, to the extent he has not done so already:

- Provide answers to interrogatories 4, 5, 6, 7, 10, 11, 12, and 14 which include:[20]
    - His medication information,
    - Any recordings he made between himself and defendant concerning the case,
    - The full name and address of every person known to have information about the relevant facts,
    - Whether he obtained statements from any witnesses,
    - A list of any lawsuits filed by or against him in the last ten years,
    - A description of financial losses related to the action,
    - The identity of any experts, and

---

[15] Memo. Order (Rec. Doc. 100).
[16] (Rec. Doc. 68)
[17] (Rec. Doc. 87).
[18] (Rec Doc. 105), p. 5.
[19] Memo. Order (Rec. Doc. 85). *See also* Digital Audio File (Rec. Doc. 107).
[20] A full statement of the interrogatories are available in Exhibit A, Rec. Doc. 71-2.

- o   Whether he lost any time from his occupation due to the incident.
- Provide the items requested in the defendant's requests for production numbers 3, 4, 5, 6, 10, 11, 12, and 13 which include:[21]
    - o   Documentary evidence which he plans to introduce at trial,
    - o   Witness statements regarding the litigation,
    - o   A fully executed Medical Authorization, namely for Wal-Mart and Dr. Brian Stewart,
    - o   Copies of all lawsuits filed by him in the past 10 years,
    - o   Letters, correspondences, documents, or reports to or from the defendant and experts regarding his injuries.
    - o   Recordings of conversations regarding the incident,
    - o   Any recorded media pertaining to the indent, and
    - o   Any documents, tangible, or physical evidence pertaining to the damages.

For the above reasons,

**IT IS ORDERED** that Mr. Vincent's Motion to Withdraw his Motion to Dismiss (Rec. Doc. 105) is **GRANTED.**

**IT IS FURTHER ORDERED** that Mr. Vincent's Objections (Rec. Doc. 105) are **DENIED.**

**IT IS FURTHER ORDERED** that because Mr. Vincent withdrew his Motion to Dismiss, the Magistrate Judge's Report and Recommendation is not adopted.

**IT IS FURTHER ORDERED** that Mr. Vincent must comply with Magistrate Judge Kay's Order issued on May 25, 2016 (Rec. Doc. 85) within 10 calendar days of when this order is signed. If Mr. Vincent does not comply with the order within 10 calendar days or if he later withdraws his consent, the court will dismiss this case with prejudice.

Lake Charles, Louisiana, this 21 day of Sept, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[21] A full statement of the requests are available in Exhibit B, Rec. Doc. 71-3.