RECEIVED
IN LAKE CHARLES, LA.

DEC 13 2016

TONY R. MOORE, CLERK
BY_____
         DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| CAROL J. VINCENT | CIVIL ACTION NO. 2:13-cv-00189 |
| VERSUS | JUDGE MINALDI |
| CITY OF SULPHUR | MAGISTRATE KAY |

**PLAINTIFF MOTION TO CONTINUE INDEFINITELY
FOR ORAL ARGUMENT AND SANCTIONS RELATIVE TO DEFENDANTS
SCHEDULING CONFERENCE NOW SET FOR DECEMBER 15, 2016, AT 11:30 A.M.;
VIA PHONE BEFORE MAGISTRATE KAY.**

Plaintiff adamantly states that he desires that this plaintiff motion be sent to Judge Patricia Minaldi for review and adjudication. Plaintiff avers that due to past statements and actions, by Magistrate Kay, he cannot, and will not, receive fair, unbiased, and/or non-prejudicial consideration, by Magistrate Kay.

First; and foremost, plaintiff has the right to build a record for purposes of supporting his bringing forth his lawsuit against the defendant's and plaintiff has the right to build a record to contest and/or shed light on any corruptive behavior by the Court and/or defendant's or their legal counsel. Plaintiff also has the right to bring forth, and shed light upon, any/all information; by way of filings, memorandums, briefs, appeals, and/or building of records which shows conspiracy theories, conspiracies, that thwarts, denies, and/or obstructs plaintiff receiving fairness and justice by the federal legal system.

The following reasons are clear depictions of efforts; by the Court and defendants legal counsel, to thwart the efforts of plaintiff to seek justice for defendants violating plaintiff's United States; and Louisiana, Constitutional civil rights.

Plaintiff states that it would be futile to hold a scheduling conference to set deadlines for submissions to the Court – and/or dates for trial – when the following issues remain open and unresolved as of the date of this pleading being filed.

1.

First; there is a Motion to Dismiss plaintiff's lawsuit which was previously filed by defendants (doc 113-1). It would be a waste of time to have a scheduling conference while a defendant Motion to Dismiss is pending due to the fact that if the Court grants defendants Motion to Dismiss it would render moot any/all deadlines set at a scheduling conference held on December 15, 2016.

2.

Second; plaintiff is going to immediately file a Motion to Recuse, and a formal complaint, against Magistrate Kay, with the Fifth (5th) Circuit Court of Appeal with reference to actions, by Magistrate Kay, that were part of efforts to thwart plaintiffs efforts to seek justice in the litigation in the Western District of Louisiana, Federal Court, Lake Charles, Louisiana. Plaintiff is emphatically steadfast in his belief that he can never again receive justice, fairness, and/or ethical considerations from Magistrate Kay and therefore plaintiff contends that any/all hearings, scheduling conferences, and/or conversations, before Magistrate Kay, would be contrary to the ends of justice and fair play. As the scheduling conference set for December 15, 2016, is to be held by phone; plaintiff does not trust that what he says during the phone conference will be accurately recorded. Therefore, plaintiff states that to have a scheduling conference, before Magistrate Kay, prior to plaintiff receiving a ruling from the Fifth (5th) Circuit court of appeal on plaintiffs previously mentioned filings would be futile and unwarranted.

3.

Third; plaintiff is immediately going to file formal charges against defendants' legal counsel, as well as Wal-Mart legal department, for her conspiring with Wal-Mart legal to obtain plaintiffs medical records from Wal-Mart. Plaintiff is also going to file a

formal complaint with the Louisiana State Bar Association for her participation in the aforementioned conspiracy. Plaintiff is also going to file formal charges against defendant's legal counsel for posting plaintiff's medical records on the internet for the entire WORLD to view at their leisure. Plaintiff is also going to file formal charges against defendant's legal counsel for using "Software" to track any/all emails defendant's legal counsel sent to plaintiff. The aforementioned software functions by posting any/all emails, defendant's legal counsel sends to plaintiff, on the internet and on the software developers computers (location of developer computers unknown) so as to immediately advise the sender of the emails the exact time and date the receiver of the emails opens the email. The conspiratorial efforts of defendant's legal counsel violates plaintiffs constitutional right to privacy and allows for third parties to access and/or obtain plaintiff's private information and/or medical records at will.

4.

Fourth; plaintiff alleges that he firmly believes that court records were manipulated to thwart plaintiff's efforts in seeking justice, in his litigation against the defendants, by depicting that plaintiff personally stated, in open court, that he desired to dismiss his lawsuit. Plaintiff alleges that the aforementioned court records violate plaintiff's constitutional rights to justice, fair play, and a level playing field within the federal legal system. Due to the efforts plaintiff now has to exert to obtain court records, and file whatever formal complaints need to be filed with the appropriate agency/agencies, plaintiff avers that it would be futile to have a scheduling conference on December 15, 2016. It will be impossible for plaintiff to adhere to any deadline dates set by the Court when the aforementioned matters are to be investigated, filed, and/or pending.

5.

Plaintiff avers that he filed a Motion for Oral Argument on October 10, 2016, with reference to any/all hearings that are to be had with reference to defendants Motion to Dismiss plaintiff's lawsuit – and the Court has yet to render a ruling on plaintiffs Motion for Oral Argument. With reference to plaintiff's Motion for Oral Argument, the

Shreveport Federal Clerk of Court office failed to post; and submit to the Court for recognition, plaintiff's Motion for Oral Argument until more than a month had gone by. Plaintiff's Motion for Oral Argument was also mishandled, by the Clerk of Court office, in Lake Charles with the explanation offered to plaintiff being that the Motion for Oral Argument was "inadvertently" placed at the "bottom" of the "tray," which holds filings, which are hand delivered to the clerk's office. Plaintiff avers that he needs time to get to the bottom of the actions of the Shreveport and Lake Charles Federal Clerk of Court offices. Therefore, it would be futile to have a scheduling conference on December 15, 2016, as any/all deadline dates set by Magistrate Kay would be moot due to the efforts of plaintiff to seek information with reference to why plaintiff is not being afforded a level playing field in his litigation.

6.

Plaintiff avers that court records depict that plaintiff personally stated that he wished to dismiss his lawsuit (audio tape Doc. 106). Plaintiff emphatically alleges that the court records were manipulated and altered to make it appear that plaintiff verbally stated he wished his lawsuit, against the defendant's as herein captioned, be dismissed. Plaintiff adamantly states that he has never, ever stated, inferred, insinuated, and/or desired that his lawsuit be dismissed. In addition; it is a fact, and plaintiff unequivocally states, that he has never, nor will he ever, even remotely entertain even a thought, which would imply that he desires to dismiss his lawsuit. Plaintiff needs time to investigate, with the assistance of the proper authorities and agency/agencies, the court records which plaintiff alleges were altered to depict that plaintiff stated he desired that the Court dismiss his lawsuit. Therefore; it would futile, and a complete waste of time, to have a scheduling conference on December 15, 2016, with the aforementioned issues being unresolved and addressed.

## CONCLUSION

Therefore; upon consideration of the aforementioned facts and allegations, by plaintiff, plaintiff hereby prays that the "Scheduling Conference" now scheduled for December 15, 2016, be upset indefinitely so as to allow plaintiff the time to investigate

plaintiff's allegations stated herein and also time to file with any/all appropriate entities any/all formal charges/complaints plaintiff anticipates filing.

---

JUDGE PATRICIA MINALDI

SUBMITTED BY:
/s/ Carol J. Vincent
Carol J. Vincent, Pro Se Plaintiff
435 Logan Street
Sulphur, Louisiana   70663
1/337/215-3042
vncntcj@yahoo.com
cvncntj@gmail.com

## CERTIFICATE OF SERVICE

I certify, by my signature below, that a copy of the above and foregoing plaintiff Motion to postpone indefinitely the scheduling conference now set for December 15, 2016, has this day, Tuesday, December 13, 2016, been emailed to defendant's legal counsel of record, Mrs. Robin Magee, at the email address of rmagee@oatsmarino.com.

Plaintiff also adamantly, and emphatically, states that he does NOT use any tracking software and/or any manipulative software and that he has been assured by Yahoo Mail that any emails sent by plaintiff are encrypted, kept private, and only the person and/or entity the email was sent to has access to plaintiff's emails.

Respectfully Submitted by:
/s/ Carol J. Vincent
Pro Se Plaintiff Carol J. Vincent
435 Logan Street
Sulphur, Louisiana   70663
337/292-9923
vncntcj@yahoo.com
cvncntj@gmail.com