RECEIVED
IN LAKE CHARLES, LA
JAN 12 2017
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CAROL J. VINCENT | * | CIVIL ACTION NO. 2:13-CV-00189 |
| v. | * | |
| | * | JUDGE WALTER |
| CITY OF SULPHUR | * | |
| | * | MAGISTRATE JUDGE KAY |

*************************************************************

## MEMORANDUM RULING

Before the court is a Motion for Sanctions and Dismissal (Rec. Doc. 113) filed by the defendant, the City of Sulphur, and a response in opposition to the motion (Rec. Doc. 115) filed by the plaintiff, Carol Vincent. Mr. Vincent also filed a Motion for Oral Argument and Sanctions (Rec. Doc. 115), and the City of Sulphur filed a response (Rec. Doc. 118) and a supplemental response (Rec. Doc. 119). Mr. Vincent did not file a reply. For the following reasons, the court will **GRANT** the defendant's Motion for Sanctions and Dismissal (Rec. Doc. 113), **DENY** the plaintiff's Motion for Sanctions (Rec. Doc. 115), and **DENY AS MOOT** the plaintiff's Motion for Oral Arguments (Rec. Doc. 115).

## FACTS & PROCEDURAL HISTORY

Mr. Vincent filed suit against the defendant alleging that his constitutional rights were violated by a no trespass order issued by the City of Sulphur. The parties are currently in discovery. The defendant[1] first filed a motion to compel discovery on May 4, 2016,[2] which was granted by Magistrate Judge Kay on May 25, 2016.[3] The magistrate judge ordered Mr. Vincent to respond to discovery requests by June 10, 2016. As part of the order to compel, Mr. Vincent

---

[1] After the Fifth Circuit decision, *Vincent v. City of Sulphur*, 805 F.3d 543 (5th Cir. 2015), the only remaining defendant is the City of Sulphur.

[2] Motion to Compel (Rec. Doc. 71).

[3] Memorandum Order (Rec.Doc. 85).

1

gave the defendant medical authorization to speak to his doctor, obtain medical files, and communicate with his pharmacy. However, he later withdrew his authorization and did not provide discovery by the deadline. The defendant filed a Motion to Dismiss or Alternatively a Motion to Compel on July 14, 2016.[4] This court found that the Mr. Vincent violated the discovery order, denied the Motion to Dismiss, and referred the Motion to Compel to Magistrate Judge Kay.[5] This court also admonished Mr. Vincent that his "failure to obey one more court order issued by either the Magistrate Judge or the undersigned will result in a dismissal of this matter."[6] A hearing for the motion to compel took place on August 24, 2016.

During the hearing, Mr. Vincent was again admonished by the court that his medical records were discoverable, and Mr. Vincent voluntarily dismissed his lawsuit.[7] Magistrate Judge Kay issued a Report Recommendation recommending that this court dismiss Mr. Vincent's case based on his oral motion to dismiss.[8] Mr. Vincent filed an objection,[9] in which he argued that he "NEVER, EVER stated to anyone, and/or at any time, on God's green earth that he was dismissing his lawsuit," that Magistrate Judge Kay colluded with the defendant, and that he reasonably withheld his medical authorization.

In a liberal construction, the court considered the Objection to be a Motion to Withdraw his Motion to Dismiss.[10] The court granted his Motion to Withdraw his Motion to Dismiss and ordered Mr. Vincent to comply with the Magistrate Judge's May 25, 2016 Discovery Order

---

[4] Motion to Dismiss (Rec. Doc. 91).

[5] Order (Rec. Doc. 100).

[6] Order (Rec. Doc. 100).

[7] Digital Audio File (Rec. Doc. 106), at 16:30-16:50. *See* Memorandum Order (Rec. Doc. 109) for a more complete description of the hearing.

[8] Report and Recommendation (Rec. Doc. 103).

[9] Motion to File Objections to Fraudulent Statement Made by Magistrate Judge Kathleen Kay (Rec. Doc. 105).

[10] Memorandum Order (Rec. Doc. 109).

within 10 calendar days. This court warned Mr. Vincent that even as a *pro se* litigant he was obligated to follow Rule 11 of the Federal Rules of Civil Procedure and ensure that his legal contentions are not frivolous and that his "factual contentions have evidentiary support." In no uncertain terms, this court determined that Mr. Vincent's protestations were based on unfounded claims, false facts, and misrepresentations. Again, Mr. Vincent was warned that failure to comply with court orders and the Federal Rules of Civil Procedure would result in dismissal of his suit. Specifically, this court ordered that "if he later withdr[ew] his [medical authorization] consent, the court will dismiss this case with prejudice."[11]

Mr. Vincent provided discovery responses to the defendant 12 days after he was ordered to do so, which violated this court's order.[12] The defendant's subsequently filed a Motion for Sanctions and Dismissal (Re. Doc. 113), and in which, it also identified three interrogatories that the plaintiff did not answer completely.[13] Mr. Vincent has not provided a satisfactory reason why he did not comply with the deadline. He explains that the deadline fell on a Saturday and he could not access some of the discovery material during weekend hours, but he does not explain why he needed to wait until the last day to assemble the discoverable information.[14]

In his response and Motion for Sanctions,[15] Mr. Vincent argued that he satisfactorily complied with the court's order, even though some of the discovery requests were submitted two days late. He also argued that the defendant's counsel should be sanctioned for three reasons. First, he argued that defense counsel should be sanctioned for filing the Motion to Dismiss, when he had complied with discovery. However, Mr. Vincent did not comply with this court's order,

---

[11] Memorandum Order (Rec. Doc. 109), p. 7.

[12] Memorandum in Support (Rec. Doc. 113-1), p. 2.

[13] Memorandum in Support (Rec. Doc. 113-1), p. 3.

[14] Motion for Oral Argument and Sanctions (Rec. Doc. 115), p. 2.

[15] Motion for Oral Argument and Sanctions (Rec. Doc. 115).

3

because he submitted at least some discovery responses late, which were a valid ground for defense counsel to file a Motion for Dismiss.

Second, he again argued that he did not move to dismiss his lawsuit and that the defense counsel should be sanctioned for suggesting that he did. In his response/Motion for Sanctions, he stated that "[a]ny/all records and/or persons who infers and/or directly states that plaintiff ever made such a Motion is …stating a complete fabrication."[16] As explained in this court's previous order, Mr. Vincent made an oral motion to dismiss his case.[17] That issue has been resolved, and he offers no evidence to support his contention except his unfounded assertion that the court's audio transcript is a complete fabrication. Accordingly, this is not a valid ground for sanctions. Finally, he again argued that counsel for the defendant would share his private medical information with third parties.[18] As explained in this court's previous order, this fear is unfounded because the Magistrate Judge has issued protective orders which prohibit the defendant from sharing information with third parties.[19]

On October 26, 2016, after the plaintiff filed his Motion for Sanctions, defense counsel contacted Mr. Vincent's doctor inquiring about the status of its request for the plaintiff's medical records.[20] The defense counsel was notified that Mr. Vincent had again told his doctor not to release any medical records.[21] On November 3, 2016, Mr. Vincent sent a letter to his medical doctor instructing his doctor that he was cancelling all medical authorizations and that the doctor was not to submit any of his medical records "to any person, business, entity, corporation, law

---

[16] Motion for Oral Argument and Sanctions (Rec. Doc. 115), p. 1.

[17] Memorandum Order (Rec. Doc. 109), pp. 3-4.

[18] Motion for Oral Argument and Sanctions (Rec. Doc. 115), p. 2.

[19] Memorandum Order (Rec. Doc. 109), p. 6.

[20] Response in Opposition (Rec. Doc. 118), p. 3.

[21] Letter from Dr. Stewart (Rec. Doc. 118-5), Ex. E.

firm/s, lawyers, doctors, judges, courts, members of any law firms, embers of any court, officers of any court, and/or specifically Robin Magee, attorney at Oats and Marino law firm, Lafayette, La,[22] and/or specifically any/all persons from the law firm of Oats and Marino!"[23]

## LAW & ANALYSIS

Under Federal Rule of Civil Procedure 37(b)(2)(A)(v), a court may dismiss an action if a party fails to comply with a discovery order.

> "[D]ismissal is a severe sanction that implicates due process." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir.1994). Rule 37 dismissal, however "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro. Hockey Club*, Inc., 427 U.S. 639, 643 (1976).

*Moore v. CITGO Ref. & Chemicals Co., L.P.*, 735 F.3d 309, 315–16 (5th Cir. 2013). The court finds that this situation warrants dismissal of the suit. Mr. Vincent has been warned a number of times that he must comply with court orders. However, he continues to violate the discovery orders issued by this court and the Magistrate Judge. Because Mr. Vincent has again withdrawn his medical authorization, again stated false facts in a court filing, and failed to comply with the discovery deadline ordered by this court, his suit will be dismissed with prejudice.

Additionally, under Rule 37(d)(3),"the court must require the party failing to [provide discovery] to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Here, Mr. Vincent has not provided a substantial justification for his failure to comply, and so the court will also grant the defendant's request for reasonable

---

[22] Robin Magee is an attorney at Oats & Marino. She and the firm represent the City of Sulphur in this matter.
[23] Letter from Vincent (Rec. Doc. 119-1).

expenses, including attorney's fees for the costs of having to bring this Motion for Sanctions and Dismissal (Rec. Doc. 113).

The court does not find any merit in Mr. Vincent's Motion for Sanctions. First, defense counsel will not be sanction for filing the Motion for Sanctions and Dismissal because she had valid grounds to bring the motion. Second, defense counsel will not be sanctioned for stating that Mr. Vincent moved to dismiss his case because Mr. Vincent made an oral motion to dismiss his case. Finally, defense counsel will not be sanctioned based on Mr. Vincent's unfounded suspicion that she will share his medical records with others. Accordingly, his Motion for Sanctions will be denied.

## CONCLUSION

Because Mr. Vincent failed to comply with multiple court orders without justifiable reasons, the defendant's Motion for Sanctions and Dismissal (Rec. Doc. 113) will be **GRANTED**. The plaintiff's case will be **DISMISSED WITH PREJUDICE**, and the plaintiff is ordered to pay reasonable expenses, including attorney's fees for the costs of the defendant for having to bring this Motion for Sanctions and Dismissal. Further, Mr. Vincent's Motion for Sanctions (Rec. Doc. 115) will be **DENIED** as baseless, and his Motion for Oral Arguments (Rec. Doc. 115) will be **DENIED AS MOOT**.

Lake Charles, Louisiana, this 12 day of January, 2017.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE